**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **DWAYNE MIDDLETON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 17−cv−0283−JPG** |
| | ) | |
| **CHET SHAFFER,** | ) | |
| **NURSE ASHLEY,** | ) | |
| **R. HEISE, and** | ) | |
| **OFFICER MARIE T,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Dwayne Middleton, a pretrial detainee in Franklin County Jail ("Jail"), brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. In his Complaint, Plaintiff claims the defendants have been deliberately indifferent to his serious medical issues in violation of the Eighth Amendment and retaliated against him for filing grievances in violation of the First Amendment. (Doc. 1). This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

1

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id.* at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the Complaint and any supporting exhibits, the Court finds it appropriate to allow this case to proceed past the threshold stage.

## <u>The Complaint</u>

In his Complaint (Doc. 1), Plaintiff makes the following allegations: Plaintiff was booked into Franklin County Jail on January 18, 2017. (Doc. 1, p. 5). Plaintiff immediately reported a medical disorder he suffers from, Tourette syndrome, and the medication that he was taking at the time of the arrest. *Id.* Plaintiff was informed that he would soon see a doctor, but as of the date this lawsuit was filed in mid-March, Plaintiff had not yet seen a doctor. *Id.* Because Plaintiff had not been given the medication he needs for his disorder, which he claims "causes his whole body to react without any control," he fell in the shower on January 21, 2017, causing him to break his nose and sustain a cut to his left eyelid. *Id.* Plaintiff asked for medical attention and was seen by Defendant Nurse Ashley, who told Plaintiff that his nose was broken but that she could not treat him for it. *Id.* Plaintiff asked why, and Nurse Ashley responded that she did not have to treat it if she did not want to. *Id.*

Plaintiff filed a grievance for the lack of medical attention for his ongoing disorder. *Id.* After doing so, Defendants Shaffer and Heise punished Plaintiff for writing the grievance by forcing him to sleep on the top bunk or sleep by the toilet. *Id.* Lt. Shaffer also tore the grievance up in front of Plaintiff. *Id.* Because his disorder had remained untreated, on March 8, 2017, Plaintiff fell while in shackles and handcuffs in a courtroom and on the courthouse stairs. *Id.* Plaintiff was unable to catch himself because of his disorder and the lack of medication he had received therefor, so he hit his right arm, hand, and the right side of his face against the courthouse stairs in one of these falls. *Id.* That same day, Plaintiff spoke with Defendant Officer Marie T about his problems with the shackles, and she stated that she did not care about Plaintiff's disorder. *Id.* Plaintiff asked Defendant Officer Marie T for medical attention for the injuries he sustained falling on the courthouse stairs, and she told him "to suck it up and get over it." *Id.* Plaintiff seeks monetary damages from the defendants. (Doc. 1, p. 6).

## Discussion

Based on the allegations of the Complaint, the Court finds it convenient to divide the *pro se* action into 2 counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion regarding their merit.

> **Count 1 –** Defendants Nurse Ashley and Officer Marie T showed deliberate indifference to Plaintiff's serious medical needs related to his Tourette syndrome and injuries he sustained due to lack of treatment therefor in violation of the Eighth Amendment.

> **Count 2 –** Defendants Shaffer and Heise retaliated against Plaintiff for filing a grievance in violation of the First Amendment.

As discussed in more detail below, Counts 1 and 2 will be allowed to proceed past threshold. Any other intended claim that has not been recognized by the Court is considered

dismissed with prejudice as inadequately pleaded under the *Twombly* pleading standard.

## Count 1

It is well established that, while in the custody of state or local authorities, a pretrial detainee must be afforded certain protections under the Fourteenth Amendment, including access to adequate medical care. *See City of Revere v. Massachusetts Gen. Hosp.*, 463 U.S. 239, 244, (1983); *Payne v. Churchich*, 161 F.3d 1030, 1040-41 (7th Cir. 1998). These due process rights are at least as great as the protections afforded a convicted prisoner under the Eighth Amendment. *See Higgins v. Corr. Med. Servs. of Ill., Inc.*, 178 F.3d 508, 511 (7th Cir. 1999); *Estate of Cole v. Fromm*, 94 F.3d 254, 259 n.1 (7th Cir.1996). Consequently, when considering a pretrial detainee's claim of inadequate medical care, for example, it is appropriate for a court to look to the analogous standards of Eighth Amendment jurisprudence. *See Qian v. Kautz*, 168 F.3d 949, 955 (7th Cir. 1999).

A prisoner raising a claim against a prison official for deliberate indifference to the prisoner's serious medical needs must satisfy two requirements. The first requirement compels the prisoner to satisfy an objective standard: "[T]he deprivation alleged must be, objectively, 'sufficiently serious[.]'" *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). The Seventh Circuit considers the following to be indications of a serious medical need: (1) where failure to treat the condition could "result in further significant injury or the unnecessary and wanton infliction of pain;" (2) "[e]xistence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment;" (3) "presence of a medical condition that significantly affects an individual's daily activities;" or (4) "the existence of chronic and substantial pain." *Gutierrez v. Peters,* 111 F.3d 1364, 1373 (7th Cir. 1997).

The second requirement involves a subjective standard: "[A] prison official must have a 'sufficiently culpable state of mind,'" one that amounts to "'deliberate indifference' to inmate health or safety." *Id.* (quoting *Wilson*, 501 U.S. at 297). Liability under the deliberate-indifference standard requires more than negligence, gross negligence or even recklessness; rather, it is satisfied only by conduct that approaches intentional wrongdoing, *i.e.*, "something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Farmer*, 511 U.S. at 835.

Construing his Complaint liberally, Plaintiff has alleged that he has a medical condition, Tourette syndrome, which renders him unable to control his body at times, particularly when he is without his medication. While at the Jail, the deprivation of Plaintiff's medication has resulted in his breaking his nose and sustaining other injuries from various falls. Under these facts, Plaintiff has alleged an objectively serious medical need, at least at this stage.

With respect to the subjective element, Plaintiff has alleged that both Nurse Ashley and Officer Marie T were aware of his condition and various injuries he sustained because of it. Construing Plaintiff's Complaint liberally, Plaintiff claims that Nurse Ashley refused to treat his broken nose or provide him his medication despite this knowledge and that his pleas to Officer Marie T for medical care were allegedly met with complete disinterest, essentially falling on "deaf ears." *Perez v. Fenoglio*, 792 F.3d 768, 782 (7th Cir. 2015) (non-medical prison official may have personal liability under § 1983 when official has sufficient knowledge of a constitutional deprivation and fails to take action to investigate and rectify the situation). For these reasons, Count 1 will be allowed to proceed against Nurse Ashley and Officer Marie T.

### **Count 2**

Prison officials may not retaliate against inmates for filing grievances or otherwise

complaining about their conditions of confinement. *See, e.g.*, *Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012); *Walker v. Thompson*, 288 F.3d 1005 (7th Cir. 2002); *DeWalt v. Carter*, 224 F.3d 607 (7th Cir. 2000). To state a claim of retaliation "[a]ll that need be specified is the bare minimum facts necessary to put the defendant on notice of the claim so that he can file an answer." *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002).

Plaintiff asserts that Shaffer and Heise retaliated against him for filing a grievance regarding his lack of medical care. In addition, Plaintiff contends that Shaffer and Heise forced him to sleep on the top bunk, despite his disorder, or sleep near the toilet, because he filed the grievance. Even if these allegations would not be actionable in and of themselves, if the acts were taken in retaliation for the exercise of a constitutionally protected right—in this case, Plaintiff's protected right under the First Amendment to express grievances about the conditions of his confinement—then they are actionable under § 1983. *See Bridges v. Gilbert*, 557 F.3d 541, 552 (7th Cir. 2009) (discussing *Howland v. Kilquist*, 833 F.2d 639, 644 (7th Cir. 1987) ("[A]n act in retaliation for the exercise of a constitutionally protected right is actionable under Section 1983 even if the act, when taken for different reasons, would have been proper.")); *see also Higgason v. Farley*, 83 F.3d 807, 810 (7th Cir. 1996) (per curiam) (retaliatory transfer of a prisoner); *Babcock v. White*, 102 F.3d 267, 275 (7th Cir. 1996) (retaliatory delay in transferring prisoner); *Cornell v. Woods*, 69 F.3d 1383, 1389 (8th Cir. 1995) (retaliatory discipline).

At issue here is whether Plaintiff experienced an adverse action that would likely deter First Amendment activity in the future, and if the First Amendment activity was "at least a motivating factor" in Shaffer and Heise's decision to take retaliatory action. *Bridges v. Gilbert*, 557 F.3d 541, 551 (7th Cir. 2009). This is a question that cannot be resolved at the pleadings stage of this case. Thus, Plaintiff may proceed on his retaliation claim against Defendants

Shaffer and Heise at this time.

**Disposition**

 **IT IS HEREBY ORDERED** that **COUNT 1** will **PROCEED** against **NURSE ASHLEY** and **OFFICER MARIE T**.

 **IT IS FURTHER ORDERED** that **COUNT 2** will **PROCEED** against **SHAFFER** and **HEISE**.

 **IT IS FURTHER ORDERED** that as to **COUNTS 1** and **2**, the Clerk of Court shall prepare for **NURSE ASHLEY**, **OFFICER MARIE T**, **SHAFFER**, and **HEISE**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each defendant's place of employment as identified by Plaintiff. If any defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

 With respect to a defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, the defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

 Plaintiff shall serve upon each defendant (or upon defense counsel once an appearance is entered) a copy of every pleading or other document submitted for consideration by the Court.

Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on the defendant or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings. Further, this entire matter shall be **REFERRED** to a United States Magistrate Judge for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, despite the fact that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: April 25, 2017**

*s/J. Phil Gilbert*
**U.S. District Judge**